UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DERRICK BRADFORD,**

       **Plaintiff,**                **CIVIL ACTION NO. 06-CV-14140-DT**

  **VS.**                              **DISTRICT JUDGE VICTORIA A. ROBERTS**

**JOSEPH CHAPELLO,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**:    This action should be **DISMISSED** pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief may be granted.

**II.**    **REPORT**:

This matter comes before the Court on the Court's duty to screen complaints filed in civil actions in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A. All pretrial matters have been referred to the undersigned for action. (Docket no. 11). Plaintiff is proceeding *pro se* and *in forma pauperis*. (Docket no. 2). This action was filed in the United States District Court for the Western District of Michigan and then transferred to this Court. (Docket no. 1). Plaintiff is a prisoner currently housed at the Alger Maximum Correctional Facility in Munising, Michigan. (Docket no. 10). He claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendant Chapello, a correctional officer employed by the Michigan Department of Corrections at the Alger facility. (*Id.*) Specifically, Plaintiff alleges that Defendant Chapello denied him eating utensils at a meal on March 1, 2006 and February 18, 2006. (*Id.*) Plaintiff also alleges that he received "five day old spoiled milk" at a meal on February 4, 2006 and February 22, 2006 and that Defendant Chapello refused to exchange the milk. (*Id.*) Plaintiff asserts that

the conduct of Defendant Chapello involved the unnecessary infliction of pain and violated the Eighth Amendment. (*Id.*)

Defendant has filed both a Motion to Dismiss and Motion for Summary Judgment. (Docket nos. 18, 21). However, the Court finds that it is not necessary to reach these motions because Plaintiff has failed to state a claim upon which relief may be granted. Under section 1915A, the court "shall review"a complaint in a civil action in which a prisoner seeks redress from an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review the court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915A(b)(1).

To state a violation of the Eighth Amendment, a plaintiff must allege facts showing that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In addition, to satisfy the subjective component of an Eighth Amendment violation, a plaintiff must allege facts showing that the prison official acted wantonly, with deliberate indifference to the plaintiff's serious needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff has failed to state a claim for relief because he has not alleged facts showing that he was denied "the minimal civilized measure of life's necessities." *See Rhodes*, 452 U.S. at 347.

Plaintiff alleges that he was denied eating utensils at two meals and served spoiled milk at two meals. He does not allege that he could not eat his meals as a result of having no utensils. He does not allege that he had no other drink when his milk was spoiled. Although the denial of food and drink could under some circumstances result in an Eighth Amendment violation, Plaintiff's allegations fail to rise to the level of a constitutional violation. *See Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (allegation of one missed meal and being bitten by insects without immediate attention does not rise to level of Eighth Amendment violation); *Morrison v. Martin*, 755 F. Supp. 683, 686 (E.D.N.C. 1990) (occasional

2

missed meal does not constitute cruel and unusual punishment); *Birdo v. Wolenhaupt*, 2006 WL 13016 (S.D. Ill. Jan. 3, 2006) (allegations that food was cold and drinks contained dust and lint failed to state Eighth Amendment violation); *Allen v. Ramos*, 2005 WL 1420746 (S.D. Ill. June 15, 2005) (allegation that plaintiff missed two meals did not rise to level of Eighth Amendment violation). Plaintiff's allegations are not sufficiently serious to show a deprivation of the minimal civilized measure of life's necessities. *See Rhodes*, 452 U.S. at 347. This action should therefore be dismissed pursuant to 28 U.S.C. § 1915A.

### III.  **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than

ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 03, 2007                      s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE




**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Derrick Bradford and Counsel of Record on this date.


Dated: August 03, 2007                      s/ Lisa C. Bartlett
                                            Courtroom Deputy